**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**OMARCUS CLARK,**                                                                          **PLAINTIFF**

**V.**                                                                                                     **NO. 1:04cv144-M-B**
**JO ANNE BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**                                **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Omarcus Clark, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied his application for Supplemental Security Income Child Benefits and Supplemental Security Income Disability Benefits. Currently pending before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion To Reverse and Remand. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having fully considered the foregoing and being otherwise well advised in the premises, the Court rules as follows:

Upon request by Agency counsel, this case was reviewed by the Appeals Council, and it was determined that remand of this case was appropriate for further consideration of plaintiff's claims. In her memorandum in support of her motion to reverse and remand, defendant states the ALJ should be required to further develop the record and should reconsider plaintiff's impairments under Medical Listings 112.05 D and 12.05 C. Plaintiff agrees the case should be

reversed, but contrary to defendant's suggestion, contends the evidence is clear that plaintiff has been disabled since childhood and benefits should be awarded. Having considered the record and the submissions of the parties, the Court agrees with plaintiff that the ALJ failed to properly consider Listings 112.05 D and 12.05 C in conjunction with plaintiff's IQ scores and school records.

First, under the Child Mental Retardation Listing 112.05, mental retardation is characterized by "significantly subaverage general intellectual functioning with deficits in adaptive functioning." As plaintiff points out, in 2000 Dr. Michael Whelan, Ph.D., found plaintiff's intelligence was "significantly below average." After a later exam in 2001, Dr. Whelan noted that plaintiff began to "act out" after his seizure disorder and had substantial trouble making adjustments.

Further, under 112.05 D, the required level of severity for this disorder is met when both a valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function are shown. In this case, plaintiff had a performance IQ of 70 on a psychological evaluation performed by Dr. Whelan in 2000. Additionally, the ALJ found plaintiff had "marked limitations in health and physical well-being, as the plaintiff ha[d] seizures with limitations, he is not supposed to drive, he cannot engage in sports and cannot be around unprotected heights or moving machinery." Based on the foregoing, the Court finds Listing 112.05 D was met, and plaintiff should be awarded child benefits under the Act from November 3, 1998 until February 5, 2003.

With respect to Adult Mental Retardation Listing 12.05, the Court finds plaintiff has met said Listing as well. Under this Listing, "mental retardation refers to a significantly subaverage

general intellectual functioning with deficits in adaptive functioning" that was initially manifested before age 22. Plaintiff's school records, school testing and behavior problems show trouble adapting before age 22. Additionally, the first prong of Listing 12.05 C provides that a claimant must have a valid verbal, performance or full scale IQ of 60 through 70. Plaintiff's full scale IQ score resulting from a psychological evaluation conducted by Dr. Michael Whelan in 2001 was 70.

The second prong of 12.05 C requires a physical or mental impairment imposing additional and significant work-related limitation of function. The ALJ found that as an adult age 18, "plaintiff has seizures, an impairment that is severe within the meaning of the regulations." Based on this, plaintiff's impairments meet the requirements of Listing 12.05 C. As such, plaintiff is disabled and should be awarded SSI benefits for an adult from February 6, 2003 to present.

Based on the foregoing, the decision of the Commissioner should be reversed, and the case should be remanded for payment of benefits for which the plaintiff applied. A final judgment consistent with this opinion will be entered.

**SUBMITTED THIS** 12th day of May, 2005.

/s/ Eugene M. Bogen
 U. S. MAGISTRATE JUDGE